UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20788-CIV-COOKE/BROWN

FELIX A. RAPASO, etc.

    Plaintiff,

vs.

ROADWAY, INC., etc. and GUSTAVO R. LOVATO,

    Defendants.

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Roadway, Inc. ("Roadway") and Gustavo R. Lovato, ("Lovato") answer the Complaint as follows:

1. Admit this is an action for damages for overtime wages. Otherwise denied.

2. Without knowledge.

3. Denied that Plaintiff was employed. Otherwise admitted.

4. Admit the alleged purpose of this action. Deny that plaintiff or others are entitled to relief.

5. Denied.

6. Denied.

7. Admitted.

8. As stated in the referenced paragraphs.

9. Admit that Roadway is a tow service operator/tow truck company. Otherwise denied.

10. Denied.

MIA:464353:2

11. Denied.

12. Without knowledge.

## Affirmative Defenses

13. *First Affirmative Defense.* Plaintiff was, at all material times, an independent contractor. Accordingly, Defendants are not subject to the requirements of 29 U.S.C. §§ 201 *et seq.* generally and 29 U.S.C. §207(a)(1) in particular.

14. *Second Affirmative Defense.* Defendants are exempt from the requirements of 29 U.S.C. §§ 201 *et seq.* because Roadway is a retail or service establishment under 29 U.S.C. §207(i) and 1) the regular rate of Plaintiff's pay is in excess of 1.5 times the minimum hourly rate applicable to him; and 2) more than half of Plaintiff's compensation for a representative period represents commissions on services.

15. *Third Affirmative Defense.* Plaintiff's time in excess of 40 hours per week, if any, was "waiting time" or "on call" where he was waiting to be hired, had no duties or responsibilities, was free to pursue personal matters, and permitted to leave Roadway's premises to go where he pleased. Accordingly, such time was not part of plaintiff's hours working for his alleged employer.

16. *Fourth Affirmative Defense.* When calculated according to the requirements of 29 U.S.C. §§ 201 *et seq.*, Plaintiff was compensated for his hours worked for his employer in excess of 40 hours per week, if any, at a rate not less than 1.5 times the minimum required.

## Attorney's Fees

17. Defendants have retained the undersigned counsel and are obligated for a reasonable attorney's fee.

WHEREFORE, having answered the Complaint, Defendants respectfully demand an order dismissing it, with prejudice, at the cost of the plaintiff, and that Defendants recover their attorney's fees.

Respectfully submitted,

s/ Norman S. Segall_____
NORMAN S. SEGALL
FL Bar No. 158302
Norman.segall@ruden.com
MELISSA ALAGNA
Melissa.alagna@ruden.com
RUDEN, McCLOSKY, SMITH,
SCHUSTER & RUSSELL, P.A.
701 Brickell Avenue
Suite 1900
Miami, Florida  33131
Telephone: (305) 789-2700
Facsimile: (305) 537-3955
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 28, 2007 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on Eddy O. Marban, Esq., *Attorney for Plaintiff,* Ocean Bank Building Suite 350, 782 N.W. LeJeune Road, Miami, FL 33126, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Norman S. Segall_____
NORMAN S. SEGALL
Florida Bar No. 158302

MIA:464353:2

- 4 -

MIA:464353:2

- 4 -